UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOVELYN A. PAK and DANNY P. PAK,<br><br>                                    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA,<br><br>                                    Defendant. | Civil No.   06cv0986-BEN (POR)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the Court held a Case Management Conference on November 20, 2006. Thomas Massey appeared on behalf of Plaintiff, and Kathryn Snyder appeared on behalf of Defendant. Counsel for the parties agree to bifurcate the remaining discovery in this case, such that discovery on the issues of liability and causation will proceed discovery on the issue of damages. Therefore, good cause appearing, IT IS HEREBY ORDERED:

1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **December 22, 2006.**

2.     On or before **February 23, 2007**, all parties shall exchange with all other parties a list of all expert witnesses expected to provide testimony at trial <u>pertaining to the issues of liability or causation</u>. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before **March 9, 2007**, any party may supplement its designation of experts <u>pertaining to the issues of</u>

<u>liability or causation</u> in response to any other party's designation, so long as that party has not previously retained an expert to testify on that subject.

3. Each expert witness designated by a party as an expert witness expected to provide testimony at trial <u>pertaining to the issues of liability or causation</u> shall prepare a written report to be provided to all other parties no later than **April 16, 2007**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B).

4. Any party, through any expert designated, shall in accordance with Federal Rules of Civil Procedure 26(a)(2)(C) and 26(e), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such supplemental reports <u>pertaining to the issues of liability or causation</u> are due on or before **April 30, 2007**.

5. All discovery <u>pertaining to the issues of liability or causation</u>, including expert discovery, shall be completed on or before **May 25, 2007**. *"Completed"* means that all discovery under Federal Rules of Civil Procedure 30-36 pertaining to the issues of liability or causation must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery pertaining to the issues of liability or causation shall be brought to the attention of this Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the Court regarding discovery disputes.

6. A Mandatory Settlement Conference shall be conducted on **May 11, 2007**, at **10:00 a.m.**, in the chambers of the Honorable Louisa S. Porter. Counsel shall lodge <u>confidential</u> settlement statements, if any, <u>directly</u> with the chambers of Judge Porter on or before **May 7, 2007**. The settlement statements should include a neutral factual statement of the case, identify controlling legal issues, and concisely set out issues of liability and damages, including any settlement demands and offers to date and addressing special and general damages where applicable. The settlement statements **shall not** be filed with the Clerk of the Court.

1 All parties and claims adjusters for insured defendants and representatives with complete
2 authority to enter into a binding settlement, as well as the principal attorney(s) responsible for the
3 litigation, *must be present* and legally and factually prepared to discuss and resolve the case at the
4 mandatory settlement conference.  All conference discussions will be informal, off the record,
5 privileged and confidential.

6 Mandatory settlement conferences shall not be rescheduled without a showing of good cause
7 and adequate notice to the Court.  If counsel wish to reschedule this conference, they shall contact
8 the Court at least 10 days prior to the conference.  Absent exceptional circumstances, the Court will
9 not reschedule this conference with less than 10 days notice.  <u>Only in extreme circumstances will the
10 Court reschedule a mandatory settlement conference with less than 24 hours notice.</u>

11 7. On or before **June 15, 2007**, all parties shall exchange with all other parties a list of
12 all expert witnesses expected to provide testimony at trial <u>pertaining to the issue of damages</u>.  The
13 list shall include the name, address, and phone number of the expert and a brief statement
14 identifying the subject areas as to which the expert is expected to testify.  The list shall also include
15 the normal rates the expert charges for deposition and trial testimony.

16 8. Each expert witness designated by a party as an expert witness expected to provide
17 testimony at trial <u>pertaining to the issue of damages</u> shall prepare a written report to be provided to
18 all other parties no later than **June 29, 2007**, containing the information required by Federal Rule of
19 Civil Procedure 26(a)(2)(A) and (B).

20 9. All discovery <u>pertaining to the issue of damages</u>, including expert discovery, shall be
21 completed on or before **July 20, 2007**.  *"Completed"* means that all discovery under Federal Rules
22 of Civil Procedure 30-36 pertaining to the issues of liability or causation must be initiated a
23 sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off
24 date, taking into account the times for service, notice, and response as set forth in the Federal Rules
25 of Civil Procedure.  All disputes concerning discovery pertaining to the issue of damages shall be
26 brought to the attention of this Court no later than thirty days following the date upon which the
27 event giving rise to the discovery dispute occurred.  Counsel shall meet and confer pursuant to the
28 requirements of Federal Rule of Civil Procedure 26 and Local Rule 26.1(a) before contacting the

1 | Court regarding discovery disputes.

2 |     10.    All motions, other than motions to amend or join parties, or motions in limine, shall
3 | be **FILED** on or before **August 24, 2007**.

4 |     Motions will not be heard or calendared unless counsel for the moving party has obtained a
5 | motion hearing date from the law clerk of the judge who will hear the motion. <u>Be advised that the
6 | parties must file their moving papers within three days of receiving the motion hearing date from the
7 | Court. Be further advised that the period of time between the date you request a motion date and the
8 | hearing date may be **up to two months**</u>. Please plan accordingly.

9 |     Briefs or memoranda in support of or in opposition to any pending motion shall not exceed
10 | 25 pages in length without permission of the judge or magistrate judge who will hear the motion.
11 | No reply memorandum shall exceed 10 pages without leave of the judge or magistrate judge who
12 | will hear the motion.

13 |     Pursuant to Civil Local Rule 7.1(f)(3)(c), if an opposing party fails to file opposition papers
14 | in the time and manner required by Local Rule 7.1(e)(2), that failure may constitute a consent to the
15 | granting of a motion or other request for ruling by the court. Accordingly, all parties are ordered to
16 | abide by the terms of Local Rule 7.1(e)(2) or otherwise face the prospect of any pretrial motion
17 | being granted as an unopposed motion pursuant to Local Rule 7.1(f)(3)(c).

18 |     Pursuant to <u>Local Rule</u> 7.1(f)(1), when filing a Motion for Summary Judgment and/or
19 | Adjudication, Defendants **shall** file, and serve on Plaintiff, a separate statement setting forth plainly
20 | and concisely all material facts which they contend are undisputed. Each of the material facts stated
21 | shall be followed by a reference to the supporting evidence. Further, Plaintiff **shall** file, and serve
22 | on Defendants, a separate statement that responds to each of the material facts contended by
23 | Defendants to be undisputed, indicating whether the opposing party agrees or disagrees that those
24 | facts are undisputed. The statement also shall set forth plainly and concisely any other material facts
25 | that the opposing party contends are disputed. Each material fact contended by the opposing party
26 | to be disputed shall be followed by a reference to the supporting evidence.

27 |     11.    On or before **November 19, 2007**, counsel shall lodge directly with the Chambers of
28 | the Honorable Roger T. Benitez their Memoranda of Contentions of Fact and Law in compliance

1 | with Local Rule 16.1(f)(2), (3) and (4).

2 |      12.    All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **November 19, 2007**. *Failure to comply with these disclosures requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.*

     13.    Counsel shall meet together and take the action required by Local Rule 16.1(f)(5) on or before **November 26, 2007**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1 (f)(3)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

     14.    The proposed final pretrial conference order, including objections any party has to any other parties' Rule 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the Clerk of the Court on or before **December 3, 2007**, and shall be in the form prescribed in and in compliance with Local Rule 16.1 (f)(7). Counsel shall also bring a copy of the pretrial order to the pretrial conference for the Court.

     15.    The final pretrial conference shall be held before the **<u>Honorable Roger T. Benitez</u>**, United States District Court Judge, on **Decmber 10, 2007**, at **<u>10:30 a.m</u>**.

     16.    The trial date will be scheduled by the Court at the pretrial conference.

     17.    The dates and times set forth herein will not be further modified except for good cause shown.

     18.    Counsel for Plaintiff shall serve a copy of this order on any parties that enter this case hereafter.

DATED: November 22, 2006

                                                              LOUISA S PORTER
                                                              United States Magistrate Judge

1 | cc: The Honorable Roger T. Benitez
     All parties